IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **M.R. MARINE, INC., etc.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 07-0828-WS-B |
| | ) | |
| **ALAN FRANKLIN, etc., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on the plaintiff's motion to dismiss the counterclaim for abuse of process filed by Alan Franklin. (Doc. 9). The parties have submitted briefs in support of their respective positions, (Docs. 10, 18, 20), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion to dismiss is due to be granted.

The counterclaim alleges that, during the pendency of a dispute between the parties concerning certain charges by the plaintiff for services rendered the defendant vessel, Franklin "received a telephone call from the Baldwin County Sheriff's office that a warrant was being issued for the arrest of Counterclaim Plaintiff, a Mobile County physician, for failure to pay the charges ...." (Doc. 6 at 4). The counterclaim concludes that "[s]uch conduct amounts to an abuse of process under Alabama law." (*Id*.).

In their unusually succinct briefs, the parties agree that an essential element of a claim for abuse of process is an actual, not merely threatened, issuance of process. (Doc. 10 at 2-3; Doc. 18 at 1, ¶ 4).[1] The counterclaim does not allege an actual issuance of process but only a threatened one. To survive a motion to dismiss under Rule 12(b)(6), "it

---

[1] This is a correct statement of Alabama law. *Warwick Development Co. v. GV Corp*., 469 So. 2d 1270, 1274 (Ala. 1985) ("[A]buse of process rests on the wrongful use of the process after it has been issued.") (emphasis omitted).

is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery ...." *Financial Security Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007).  Because the complaint does not allege the actual issuance of process, it fails this test.[2]

For the reasons set forth above, the plaintiff's motion to dismiss is **granted**.  Count Two of the counterclaim is **dismissed**, without prejudice to Franklin's ability to seek leave to amend the counterclaim should he be able to plead an actual issuance of process consistent with Rule 11.[3]

DONE and ORDERED this 3rd day of March, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2] While it is possible that a threatened issuance of process could ripen into an actual one, "[f]acts that are 'merely consistent with' the plaintiff's legal theory will not suffice [to satisfy Rules 8(a)(2) and hence 12(b)(6)] when, 'without some further factual enhancement [they] stop short of the line between possibility and plausibility of "entitlement to relief."'"  *Weissman v. National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (11th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007)).  The threat of process does not bridge the gap between possibility and plausibility of actual process.

[3] Franklin's request to delay ruling on this motion pending receipt of discovery responses concerning whether process ever issued, (Doc. 18 at 1, ¶ 5), construed as a motion to do so, is **denied**.